**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Uniformed Professional Fire Fighters Association of Connecticut et al.,<br><br>Plaintiffs,<br><br>v.<br><br>3M Company et al.,<br><br>Defendants. | Civil No. 3:24-cv-01101 (AWT)<br><br>March 31, 2026 |

**DISCOVERY AND SCHEDULING ORDER**

This case was referred to the undersigned "to manage discovery, including but not limited to (1) setting a schedule for the discovery phase of the case; (2) establishing procedures for the orderly and efficient presentation of discovery disputes; and (3) resolving such disputes." (Order, ECF No. 309.) With respect to the first item, the Court invited each side to make a scheduling proposal. (Order re: Discovery, ECF No. 354.) With respect to the second, the Court directed the parties' attention to a set of expedited dispute resolution procedures that it had used in a prior case, and it invited each side to comment on them. (*Id.*) The parties provided their proposals and comments in a Joint Status Report at ECF No. 362. The Court then convened a conference, at which each side was given an opportunity to argue in favor of its proposal (ECF No. 380), and after the conference each side made another written submission. (ECF No. 383.)

Having considered the parties' written submissions and arguments, the Court adopts the discovery schedule set forth in Section A below. The Court also adopts the discovery dispute resolution procedures set forth in Section B.

## A. DISCOVERY SCHEDULE

Until otherwise ordered, the following schedule shall govern the discovery period of the case:

**1.** The discovery phase of the case will begin with a period limited to jurisdictional discovery.

**2.** Written discovery directed to the topic of jurisdiction shall be completed (not propounded) by **June 1, 2026.**

**3.** Deposition discovery directed to the topic of jurisdiction shall be completed by **June 29, 2026**.

**4.** Any defendant that wishes to contest personal jurisdiction, and that wishes to file a renewed motion under Fed. R. Civ. P. Rule 12(b)(2), shall do so on or before **August 13, 2026**.

**5.** Discovery is not open as to issues other than jurisdiction, *e.g.*, merits and class certification.

In their scheduling proposal, the defendants sought limits on the number of Rule 34 document production requests and Rule 30 depositions during the discovery phase. That request is denied, and no special limits are imposed, but the parties are respectfully reminded that jurisdictional discovery requests must be relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

In their joint, post-conference submission, the plaintiffs indicted that they plan to ask Judge Thompson to certify a question to the Connecticut Supreme Court. (ECF No. 383, at 1-3.) They further proposed that merits and class certification discovery be stayed, unless and until either Judge Thompson declines to certify the question, or the supreme court declines to answer it. (*Id.*) The defendants propose that merits and class discovery be stayed until resolution of all motions

under Rule 12, irrespective of what Judge Thompson or the Connecticut Supreme Court does with respect to a certified question. (*Id.* at 3.) The undersigned deems it unnecessary to choose between these two proposals at this time. If the plaintiffs' effort to obtain an answer to a certified question fails, they may move for opening of merits and class certification discovery then. The defendants will be given an opportunity to oppose.

**B. DISCOVERY DISPUTE RESOLUTION PROCEDURES**

Effective March 31, 2026, the following procedures shall be followed with respect to any discovery disputes:

**1. Pre-dispute consultation.** Counsel for parties to any discovery dispute are required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 37(a) to have conferred with one another and made a good-faith effort to eliminate or reduce the areas of controversy before they present a dispute to the Court. Counsel must meet in person, by telephone, or by video conference.

**2. Presentation of discovery disputes**. If a discovery dispute is not resolved by the foregoing meet-and-confer process, counsel for the involved parties shall file a joint statement of seven pages or less that certifies the parties' compliance with the meet-and-confer process outlined above, sets forth each party's (or side's, as appropriate) position on the unresolved dispute and proposed resolution or compromise with respect to each unresolved dispute in three pages or less per party (or side), and indicates whether the parties request a telephone or in-person conference to resolve the dispute. The joint submission must be filed as soon as practicable, but in no event later than 60 days after the allegedly-deficient discovery response. The 60-day limitation may be extended for good cause shown.

The parties shall not attach exhibits or other materials to the joint statement without leave of Court. Any party or side may seek leave by attaching an additional page to the joint statement that (a) is headed "Request for Leave to Submit Additional Exhibits"; (b) contains a one-sentence description of the proposed exhibit; (c) contains a short statement of how the proposed exhibit will support the party's position; and (d) states whether the proposed exhibit has been given a "Confidential," "Confidential – Attorney's Eyes Only," or other designation under the terms of any governing Protective Order. A Request for Leave to Submit Additional Exhibits may not exceed one single-spaced page of 12-point type.

After a joint statement is filed, and regardless of whether the parties request a conference in their joint submission, the Court in its discretion may order a telephone or in-person conference to resolve the dispute. The Court may also choose to resolve the dispute on the parties' joint submission. Any party may request that a telephone or in-person conference held by the Court be on the record and transcribed by a court reporter.

The Parties or any Party may seek to alter or amend these procedures, and the Court may alter or amend these procedures *sua sponte*, when there is good cause to do so in a particular instance or based on future developments in the case and in the progress of discovery.

So ordered this 31st day of March, 2026, at Hartford, Connecticut.

*/s/ Thomas O. Farrish*

Hon. Thomas O. Farrish
United States Magistrate Judge